UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                        CRIMINAL ACTION

V.                                              NO. 04-00161

MIGUEL RAMOS-GONZALES                           SECTION "F"


Order and Reasons

Before the Court is Miguel Ramos-Gonzales's motion to vacate, set aside, or correct sentence pursuant 28 U.S.C. § 2255. For the following reasons, the motion is DENIED.


I. Background

On May 22, 2004, Louisiana state trooper R. Madkiff stopped Miguel Ramos-Gonzales while driving a tractor trailer. The traffic stop was part of a Standard Level III Commercial Vehicle Inspection. During the stop, defendant told Madkiff that he did not have a criminal record.  After doing a background check, the computer system revealed that Ramos-Gonzales had prior arrests. The trooper asked for permission to search the trailer and cab and defendant consented by filling out the Spanish side of a Consent to Search Form. During the search, the trooper observed that certain adjustments had been made to the trailer's air conditioning unit (consistent with concealment attempts). His narcotics dog alerted to the presence of narcotics in the trailer. After instructing

1

Ramos-Gonzales to move the vehicle to a location off the highway, officers searched the trailer and recovered methamphetamine and cocaine hydrochloride inside the trailer's air conditioning unit.

On May 28, 2004, Ramos-Gonzales was indicted for possession of cocaine and methamphetamine with intent to distribute, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A). A jury trial was scheduled for August 2, 2004. However, in light of ongoing discovery, this Court granted a motion for continuance and rescheduled the trial for November 1, 2004.

On September 29, 2004, Ramos-Gonzales moved to suppress the statements he made during the traffic stop, claiming he did not understand his Miranda rights. In addition, he also moved to suppress the cocaine and methamphetamine that was recovered during the search; he claimed his consent was not knowingly given. Ramos-Gonzales also sought a continuance because his immigration files, which he thought to be important for trial, were not expected to arrive until late October. This Court granted the motion for continuance and rescheduled the trial for January 10, 2005. On December 29, 2004, after a suppression hearing, the Court denied both of defendant's motions. The Court found that he knowingly consented to the search and understood his Miranda rights.

On January 7, 2008, three days before the trial was scheduled, the government faxed a report to Ramos-Gonzales's counsel. The report stated that in an interview with  Jeffery Hydan, an inmate

2

housed at the same jail as Ramos-Gonzales, Haydan said that Ramos-Gonzales had admitted to him that he knew the tractor trailer had contained drugs. In light of this report, Ramos-Gonzales sought still another continuance. The Court advised Ramos-Gonzales's counsel to file the motion for continuance by 5:00 p.m. on January 9, 2005. Despite being three hours late, this Court still reviewed the merits of the continuance and denied the continuance on January 10, 2005, finding the reasons for a continuance unpersuasive because the timing of the government's report complied with the Court's pretrial order. On January 10, 2008, the day of the trial, Ramos-Gonzales pleaded guilty to counts 1 and 2 through an Alford plea. The Court sentenced him to a term of imprisonment of 235 months on April 20, 2005. The Fifth Circuit Court of Appeals affirmed the conviction and sentence on April 3, 2007.

Ramos-Gonzales now seeks 28 U.S.C. § 2255 habeas relief. In his motion, he raises seven arguments: 1) he was denied his right to effective assistance of counsel by a cumulation of errors; 2) defense counsel deprived petitioner of his right to effective assistance of counsel by failing to investigate the background of the traffic stop; 3) defense counsel rendered ineffective assistance of counsel by failing to file a timely continuance motion and investigate into the timing of a document filed by the government; 4) his Alford plea was not knowing and voluntary; 5) defense counsel was ineffective for failing to advise him of the

3

possibility of deportation; 6) defense counsel rendered ineffective assistance of counsel at the sentencing stage by failing to explain sentencing guidelines, by not allowing him to explain his innocence, and by not seeking an adjustment to the guidelines; and 7) appellate counsel was ineffective by failing to properly present a fourth amendment claim.

The government correctly counters that Ramos-Gonzales cannot establish that he is entitled to habeas relief under section 2255 on any of the seven grounds because: 1) he has failed to allege any specific acts of ineffective assistance that would result in error; 2) his second claim cannot be raised in a 2255 motion because the issue was raised and decided in a previous appeal from an original judgment of conviction; even if it could be raised, he cannot show prejudice; 3) his third claim cannot be considered in a 2255 motion, and, moreover, he cannot show prejudice because this Court denied the motion based on content and not timeliness; 4) he entered the guilty plea knowingly and voluntarily; 5) counsel has no duty to warn of collateral consequences of guilty plea; 6) he cannot establish any objectively unreasonable behavior at the sentencing stage; and 7) his appellate counsel's behavior did not fall below an objective level of representation, nor did he suffer prejudice.

II.  Law and Application

**A.  The Standard for §2255**

Under 18 U.S.C § 2255, a prisoner in custody can challenge his sentence: 1) "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States;" 2) "or that the court was without jurisdiction to impose such sentence;" 3) "or that the sentence was in excess of the maximum authorized by law;" 4) "or is otherwise subject to collateral attack." 18 U.S.C. § 2255. Relief under § 2255 is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citing United States v. Capua, 656 F.3d 1033, 1037 (5th Cir. 1981)).

Where a defendant had an opportunity to raise an issue on a direct appeal and failed to do so, he is procedurally barred from raising that issue on collateral review unless he is able to show both cause for failing to raise the issue on direct appeal and "actual prejudice" flowing from the errors alleged or "actual innocence" of the crime for which he was convicted.  Bousley v. United States, 523 U.S. 614, 622 (1998); see also United States v. Segler, 37 F.3d 1131, 1133 (5th Cir. 1994) (quoting United States v. Shaid, 937 F.2d 228, 232 (5th Cir. 1991)). "To satisfy the cause standard, a petitioner must show that some objective factor

5

external to the defense prevented him from raising on direct appeal the claim he now advances." United States v. Liedtke, 2004 WL 1809537, at *2 (5th Cir. Aug. 13, 2004) (quoting United States v. Guerra, 94 F.3d 989, 993 (5th Cir. 1996))(quotation marks omitted). To satisfy the "prejudice" standard, the defendant must demonstrate that there was "actual prejudice" from the error. United States v. Shaid, 937 F.2d 228, 231 (5th Cir. 1991). "Actual prejudice" is prejudice that gives a party an "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).

## B. Ineffectiveness of Counsel

To prevail on a claim of ineffective assistance of counsel, petitioner must show that: 1) his counsel's performance was deficient, and 2) that he was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). To establish deficient performance, petitioner must show that his counsel's performance "fell below an objective standard of reasonableness." Id. at 688. And to establish prejudice, petitioner must show "a reasonable probability that, but for counsels unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a

probability sufficient to undermine confidence in the outcome." Id.
Both prongs of the Strickland standard must be met in order to
prevail on a claim of ineffective assistance of counsel. Id. at
687. There is no reason for a court reviewing an ineffective
assistance claim to address the prongs in any particular order or
even address both prongs of the inquiry if the defendant makes an
insufficient showing on one. Id. at 697.

In analyzing counsel's performance, a reviewing court "must
indulge a strong presumption that counsel's conduct falls within
the wide range of reasonable professional assistance; that is, the
defendant must overcome the presumption that, under the
circumstances, the challenged action 'might be considered sound
trial strategy.'" Id. at 689 (citing Michel v. Louisiana, 350 U.S.
91, 101 (1955)). This is because "it is all too easy for a court,
examining counsel's defense after it has proved unsuccessful, to
conclude that a particular act or omission of counsel was
unreasonable." Id. Thus, the Court must "evaluate the conduct
from counsel's perspective at the time of" the alleged deficiency.
Id. at 691. If a convicted defendant claims his counsel has
ineffectively represented him, he "must identify the acts or
omissions of counsel that are alleged not to have been the result
of reasonable professional judgment." Id. at 690. It is then
within the Court's discretion to "determine whether, in light of
all the circumstances, the identified acts or omissions were

7

outside the wide range of professionally competent assistance." Id.

In assessing whether any deficient performance prejudiced the outcome of the trial, there is a "general requirement that the defendant affirmatively prove prejudice." Id. at 693. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." Id. What "the defendant must show is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

III.

A.

Ramos-Gonzales contends that the cumulative effect of his counsel's inadequacies resulted in prejudice. Cumulation of errors can be grounds for habeas relief. However, as a prerequisite, petitioner must show that there is cognizable error to cumulate. Solar v. Ward, 281 F.3d 1278 (5th Cir. 2001); Westley v. Johnson, 83 F.3d 714, 726 (5th Cir. 1996) ("Meritless claims or claims that are not prejudicial cannot be cumulated, regardless of the total number raised."). To establish cognizable error, Ramos-Gonzales must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."

Strickland, 466 U.S. at 690. If a petitioner fails to provide any probative evidence in the record tending to support his position, he has not met his burden. United States v. Flores, 135 F.3d 1000, 1006-07 (5th Cir. 1998).

Ramos-Gonzales has not met his burden for his ineffective assistance of counsel claim based upon a totality or accumulation of errors. His allegations are cast in the form of hopeful conclusions without any factual basis. For example, he alleges that his "defense counsel failed to effectively represent his client", that his "counsel failed to conduct a through investigation into the facts of the case", and other similar self-serving conclusory charges. Without facts, he cannot support that his counsel was ineffective or that he suffered any prejudice. His ineffective assistance of counsel claim fails Strickland entirely. 466 U.S. at 687.

B.

Ramos-Gonzales contends that his counsel failed to investigate the circumstances of the search which resulted in the charges against him. He speculates that an investigation into the stop would have revealed that the purpose of the stop was to search for incriminating evidence instead of a Level III Commercial Motor Vehicle inspection. In addition, Ramos-Gonzales contends that his counsel was ineffective by choosing a defense based upon a language

9

barrier in order to cast doubt on the consensual nature of the search, and that his counsel did not write a brief at the level required to convince a fact-finder. All of these claims relate to his defense counsel's performance at the suppression hearing and to second-guessing.

Counsel's failure to investigate the facts of a case can provide grounds for habeas relief because "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. To succeed on such a claim, petitioner "must allege with specificity what the investigation would have revealed and how it would have changed the outcome of the trial." Miller v. Dretke, 420 F.3d 356, 361 (5th Cir. 2005) (citing United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989)); Lockett v. Anderson, 230 F.3d 695, 713 (5th Cir. 2000) (quoting Green, 882 F.2d at 1003). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Strickland, 466 U.S. at 690-91. "In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Id. at 691.

Ramos-Gonzales fails to establish that his counsel was deficient. Ramos-Gonzales's counsel made a professional choice to contest the search under a language barrier theory. As evidenced by the suppression hearing transcript and the record, Ramos-Gonzales's counsel was well-informed about the facts surrounding his client's arrest and chose his tactical approach without apparent objection from his client. Ramos-Gonzales was a Spanish-speaking permanent resident alien and filled out the Spanish language side of the consent form. In addition, Ramos-Gonzales had failed the English literacy portion of the United States citizenship test. The record evidence indicates that Ramos-Gonzales's counsel chose to contest the search in a reasonable manner after a thorough investigation into the background and facts of the case, and made a tactical professional judgment. That it failed, does not equate with ineffective assistance. Thus, Ramos-Gonzales's has failed to establish the first <u>Strickland</u> prong, that his counsel's representation was deficient. 466 U.S. at 687.

C.

Ramos-Gonzales contends that his defense counsel was also ineffective for failing to file a timely continuance motion. In addition, Ramos-Gonzales claims that his counsel was ineffective for failing to investigate the reasons why the government submitted its disclosures on January 7, 2005, just three days before trial,

11

and failed to investigate Carlos De Luna, whose testimony, he claims, would have cast doubt on the government's material.

Even assuming that counsel was deficient for filing a late continuance, Ramos-Gonzales fails to establish that he suffered any prejudice. For prejudice, petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Contrary to what Ramos-Gonzales contends, this Court reviewed the motion to continue and found it unpersuasive on the merits. Ramos-Gonzales has not alleged any facts to establish that if the motion had been timely filed, this Court would have granted the continuance. He therefore fails the second prong of the Strickland standard; as he did not suffer any prejudice. 466 U.S. at 687

Ramos-Gonzales adds that his counsel was ineffective for failing to investigate the reasons why the government submitted the report on Friday, January 7, 2005, three days before trial. Once again, his fanciful arguments fail to reveal prejudice. Federal Rule of Criminal Procedure 16(a) dictates the government's obligation to disclose certain evidence to defendants. The Jencks Act further provides that "no statement or report in the possession of the United States which was made by a Government witness (other than defendant) shall be the subject of a subpoena, discovery, or inspection until said witness has testified on direct examination."

18 U.S.C. § 3500. However, the pre-trial order in this case required all Jencks Act material to be turned over to the defendant 48 hours *prior to trial*, a deadline obviously more favorable to the defense. Ramos-Gonzales darkly contends an investigation into the timing of the disclosure would have shown "government intrusion into defense strategy and trial preparation, simply by investigating how long had this government witness been available." However, no amount of investigation would change the fact that the report was disclosed according to the deadline set by this Court in the pre-trial order. In addition, without alleging the specific facts of what an investigation would uncover and how that would have changed the result of the proceeding, Ramos-Gonzales cannot prevail on this claim. Miller v. Dretke, 420 F.3d 356, 361 (5th Cir. 2005). Therefore, Ramos-Gonzales's claim that his counsel was ineffective for failing to investigate the reasons behind the January 7, 2005 disclosure fails because he cannot establish he suffered the required Strickland prejudice. 466 U.S. at 687.

Ramos-Gonzales also adds to this part of his claims of ineffective counsel, saying counsel did not investigate and call as a witness Carlos De Luna. Complaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and allegations of what a witness would have stated are largely speculative. Bray v. Quarterman, 2008 WL 360571, at *2 (5th Cir. Feb. 11, 2008)

(citing <u>United States v. Cockrell</u>, 720 F.2d 1423, 1427 (5th Cir.
1983)). To prevail on such a claim, petitioner must name the
witness, demonstrate that the witness was available to testify and
would have done so, set out the content of the witness's proposed
testimony, and show that the testimony would have been favorable to
a particular defense. <u>Id.</u> (citing <u>Alexander v. McCotter</u>, 775 F.2d
595, 602 (5th Cir. 1985)). Ramos-Gonzales has not done so.
Therefore, Ramos-Gonzales again fails the second prong of the
<u>Strickland</u> test because he has not established that he suffered
from any prejudice as a result of his counsel not investigating or
calling Carlos De Luna as a witness. 466 U.S. at 687.

D.

   Ramos-Gonzales next contends that his counsel was ineffective
because he induced him to plead guilty by using his wife, and by
telling him he would be sentenced to life in prison if he were to
go to trial. In support of this argument, Ramos-Gonzales has
submitted a sworn statement from his wife, Hilda Ramos. In the
statement, Hilda Ramos claims that the defense counsel "stated that
[the guilty plea] was his only chance or else he would be sentenced
for life." However, while entering his Alford plea, Ramos-Gonzales
testified under oath that no person "influenced, induced, or
persuaded in any manner to plead guilty because of any promise of
leniency." Sworn testimony in open court carries a strong

14

presumption of verity in a subsequent collateral proceeding. United States v. Abreo, 30 F.3d 29, 31 (5th Cir. 1994)(citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)). He either lied then, or is lying now.

Ramos-Gonzales persistently fails the prejudice test. He has not established a reasonable probability that proceeding to trial would have resulted in any different outcome or any lower sentence than that imposed through the Alford plea; he was sentenced at the lower end of the guideline range and there was an overwhelming amount of evidence of guilt against him. Therefore, this claim also fails because he has not established that he suffered prejudice as required by Strickland. 466 U.S. at 687.

E.

Ramos-Gonzales contends that his counsel was ineffective for failing to fully advise him of the possibility of losing permanent resident status. Petitioner "implores the Court to adopt the sweeping proposition that . . . deportation is a direct, rather than a collateral consequence of guilty plea."

This Court finds no reason to do so. The Fifth Circuit Court of Appeals has recently addressed this very issue and has stated that "[t]he possibility of deportation is a collateral consequence of a guilty plea." United States v. Ortega-Alferes, 2009 WL 1744006, at *1 (5th Cir. June 22, 2009) (citing United States v.

<u>Santos-Sanchez</u>, 548 F.3d 327, 336 (5th Cir. 2008)). "Failure by counsel to advise a client of these or any other collateral eventualities would not constitute a Sixth Amendment violation" of ineffective assistance of counsel. <u>United States v. Banda</u>, 1 F.3d 354, 356 (5th Cir. 1993).

F.

Ramos-Gonzales contends that his counsel did not explain the Sentencing Guidelines to him. But the Court did so extensively while he was under oath. In addition, Ramos-Gonzales answered in the negative when asked if he had any questions for his counsel, for the Court, or for the Assistant United States Attorney. Ramos-Gonzales also answered in the affirmative under oath when asked if he was entirely satisfied with his counsel's advice and services. Without stating facts that call into question the sworn testimony in open court, Ramos-Gonzales has failed to overcome the presumption that he was fully satisfied with his counsel and had no questions regarding the sentencing guidelines. <u>United States v. Abreo</u>, 30 F.3d 29, 31 (5th Cir. 1994)(citing <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977)). Therefore, he cannot show deficient performance and has not satisfied the first <u>Strickland</u> prong. 466 U.S. at 687.[1]

---

[1] Ramos-Gonzales also contends that his counsel did not allow him to elaborate regarding his innocence. A review of the sentencing transcript indicates that Ramos-Gonzales chose to stop

Ramos-Gonzales urges that his counsel was ineffective for failing to object to the presentence report or argue for a downward departure or reduction for being a minimal participant. Section 3B1.2 of the United States Sentencing Guidelines manual allows a reduction in the offense level if the defendant was a minimal or minor participant in criminal activity. The official commentaries state that "[t]his guideline is not applicable unless more than one participant was involved in the offense." U.S. Sentencing Guidelines Manual § 3B1.2 cmt. 2. Ramos-Gonzales was indicted as a single defendant for possession of cocaine and methamphetamine. He is not eligible for a downward departure based upon minimal or minor participation. Since he was not eligible for such a departure based upon minimal or minor participation, his counsel cannot be deficient for failing to make a meritless argument that would not have changed the outcome of the proceeding. United States v. Berthelot, 2009 WL 1636571, at *1 (5th Cir. June 9, 2009).

## G.

Finally, Ramos-Gonzales attacks appellate counsel too, for

---

speaking himself. This Court gave Ramos-Gonzales an opportunity to speak on his behalf during sentencing about the sentence that should be imposed. In addition, this Court informed Ramos-Gonzales that it would wait as long as necessary. There is no indication in the sentencing transcript that Ramos-Gonzales's counsel denied him the ability to speak during sentencing. Without alleging how his counsel interfered with or denied his ability to speak, he cannot establish the first Strickland prong, that his counsel was deficient. 466 U.S. at 687.

failing to argue an ineffective assistance of counsel claim, and for not presenting a proper Forth Amendment issue.[2]

First, Ramos-Gonzales argues that his appellate counsel was ineffective for failing to argue that his defense counsel was ineffective. The Fifth Circuit declined to hear this argument on direct appeal, as ineffective assistance of counsel claims generally cannot be addressed on direct appeal. See United States v. Ramos-Gonzalez, 2007 WL 1026470, at *2 (5th Cir. April 3, 2007); United States v. Navejar, 963 F.2d 732, 735 (5th Cir. 1992). However, since this claim was actually raised by his appellate counsel, his claim of ineffective assistance of counsel fails because he has not shown the first Strickland prong, deficient performance. 466 U.S. at 687.

For the second part of this claim, Ramos-Gonzales alleges that his appellate counsel was ineffective for failing to present a proper Forth Amendment claim. Ramos-Gonzales repeats that his counsel "failed to recognize that the traffic stop for a level III Motor Carrier Inspection was pretextually made to conduct a search for incriminating evidence of some other crime." For support in this position, he notes that his appellate counsel's factual argument was less than four sentences.

---

[2] Petitioner also claims that his defense counsel was ineffective in the way a claim was presented at the suppression hearing. The very same claim is addressed above in section B and will be omitted from this section for clarity.

But Ramos-Gonzales has not alleged with specificity the acts or omissions of his counsel that were deficient. If a convicted defendant claims his counsel has ineffectively represented him, he must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Strickland, 466 U.S. at 690. Ramos-Gonzales expects this Court to infer that the strategy chosen by his appellate counsel was below an objective standard of representation because the appeal ultimately proved unsuccessful. This Court will not do so. Therefore, petitioner's claim fails the first prong of the Strickland standard as he has failed to establish deficient performance. 466 U.S. at 687.

Accordingly, for the foregoing reasons, the petitioner's motion under 28 U.S.C. §2255 to vacate, set aside, or correct his sentence is DENIED.

New Orleans, Louisiana, August 5, 2009.

_____

MARTIN L. C. FELDMAN

UNITED STATES DISTRICT JUDGE